IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LLEWILLYN JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16 C 5373 |
| ) | |
| CHRISTINE BRANNON,[1] ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

After a bench trial in the Cook County Circuit Court, Llewillyn Johnson was convicted of first degree murder and sentenced to forty years in prison. Johnson has filed a petition for habeas corpus under 28 U.S.C. § 2254. He claims five grounds for relief: (1) the trial court denied him a fair trial when it used an unadmitted transcript to discern the contents of a video-recorded conversation of Johnson and his friend; (2) his trial counsel was ineffective for failing to move to suppress the video recording; (3) the trial court erred when it considered an inappropriate aggravating factor at sentencing; (4) his forty-year sentence, imposed for a crime he committed when he was fifteen, violates the Eighth Amendment's prohibition against mandatory life without parole (LWOP) for juvenile offenders; and (5) the automatic transfer provision under which he was tried as an adult rather than as a juvenile violates his Eighth Amendment and due

---

[1] Christine Brannon is the warden of the correctional facility in which Johnson is incarcerated. The Court has therefore substituted Brannon as the appropriate respondent pursuant to Fed. R. App. P. 43(c)(2).

process rights. For the following reasons, the Court denies Johnson's petition.

## Background

**A.  Trial and direct review**

In 2004, Johnson was tried and convicted of first degree murder in the Cook County Circuit Court. One piece of evidence introduced at trial was a video recording of a conversation between Johnson and his friend James Parson in which Johnson bragged about killing the victim. Parson had been working with the State and wore a recording device to meet Johnson, but because of a loud heater in the room, some of their conversation was inaudible. To help the trial court interpret the video recording, the prosecution presented a transcript of the conversation, to which the defense counsel stated he had no objection.

Johnson appealed his conviction to the Illinois Appellate Court, arguing that (1) the trial court had erred when it used the unadmitted transcript while watching the video recording, (2) his trial counsel was ineffective for failing to file a motion to suppress the video recording, and (3) the trial court used an improper sentencing factor. The Illinois Appellate Court rejected these arguments and affirmed Johnson's conviction and sentence. Johnson then filed a petition for leave to appeal in the Illinois Supreme Court. His petition was denied in March 2006.

**B.  Post-conviction petition**

In 2006, Johnson filed a timely *pro se* post-conviction petition. In 2010, through counsel, Johnson filed a supplemental post-conviction petition. These petitions raised several claims, none of which are repeated in Johnson's federal habeas corpus petition. The Cook County Circuit Court dismissed his petition, and the Illinois Appellate Court

affirmed. In March 2016, the Illinois Supreme Court denied Johnson's petition for leave to appeal.

C.     **Leave to file successive post-conviction petition**

In June 2015, while his first post-conviction petition was on appeal, Johnson sought leave to file a successive post-conviction petition. In his motion, he contended that his 40-year sentence violated the Eighth Amendment's prohibition against mandatory LWOP sentences for juvenile offenders under *Miller v. Alabama*, 576 U.S. 460 (2012). He also contended that the mandatory transfer statute, under which his case proceeded in adult criminal court rather than in juvenile court, violated the federal and state constitutions. The Cook County Circuit Court denied Johnson leave to file a successive petition. Johnson appealed his first claim that his sentence violated the Eighth Amendment but did not pursue on appeal his second claim, concerning the constitutionality of the mandatory transfer statute. In April 2018, the Illinois Appellate Court affirmed the trial court's denial, concluding that Johnson failed to show cause and prejudice required to obtain leave to file a successive post-conviction petition under 725 ILCS 5/122-1(f). The Illinois Supreme Court denied Johnson's petition for leave to appeal in September 2019.

D.     **Federal habeas corpus petition**

On May 18, 2016, Johnson timely filed a *pro se* federal habeas corpus petition. At the time, Johnson's motion for leave to file a successive post-conviction petition was pending in state court. Thus Johnson asked this Court to stay the case to allow him to exhaust his state court remedies. In response, this Court dismissed the petition with leave to reinstate.

3

On October 2, 2018, Johnson refiled his habeas corpus petition. He filed another petition on January 17, 2020.[2] This Court requested that Johnson reaffirm in writing that he wished to proceed with his petition, and on October 27, 2020, he did.

## Discussion

Before considering a habeas corpus petition on the merits, a district court must first determine "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings." *Verdin v. O'Leary*, 972 F.2d 1467, 1472 (7th Cir. 1992) (citation omitted). Failure to meet the former requirement bars a claim for failure to exhaust state remedies; failure to meet the latter bars a claim for procedural default. *Henderson v. Thieret*, 859 F.2d 492, 496 (7th Cir. 1988). In both inquiries, the critical question is whether the petitioner fairly presented the federal issue to the state courts for one complete round of review. *Verdin*, 972 F.2d at 1472-73; *Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017). A claim in a habeas corpus petition can also be procedurally defaulted, and thus barred from review, if the state court's decision regarding the claim rests on an adequate and independent state procedural ground. *Kaczmarek v. Rednour*, 627 F.3d 586, 591 (2010).

Only after a claim survives these procedural hurdles can a district court evaluate its merits. A federal court can issue a writ of habeas corpus only if: (1) the state court decision "was contrary to, or involved an unreasonable application of, clearly

---

[2] The three habeas corpus petitions filed by Johnson do not all contain the same claims. Because Johnson is unrepresented, this Court will interpret his claims liberally and address all of the claims raised in all of the petitions. *Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004).

4

established Federal law, as determined by the Supreme Court of the United States" or (2) the state court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court decision that is "contrary to" Supreme Court precedent is one that "applies a legal standard inconsistent with governing Supreme Court precedent or contradicts the Supreme Court's treatment of a materially identical set of facts." *Rodriguez v. Gossett*, 842 F.3d 531, 537 (7th Cir. 2016) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002)). In contrast, an "unreasonable application" of clearly established federal law occurs when the state court "identifies the correct legal rule but applies it in a way that is objectively unreasonable." *Id.* (citing *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003)). Lastly, to rebut a state court's factual findings, the petitioner must show that they are unreasonable by clear and convincing evidence. *Pole v. Randolph*, 570 F.3d 922, 934 (7th Cir. 2009) (citation omitted).

Johnson asserts five grounds for relief. This Court takes each in turn.

**A.    Claim 1**

Johnson's first claim is that the trial court denied him a fair trial when it used an unadmitted transcript to interpret a video recording of Johnson's conversation with Parson. Respondent argues that this claim was procedurally defaulted because Johnson did not fairly present the federal issue to the state courts. The Court agrees.

"[F]or a constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted to that court." *Verdin*, 972 F.2d at 1474 (citing *Picard v. Connor*, 404 U.S. 270, 277 (1971)). Courts consider four factors in this analysis: "(1) whether the petitioner relied on federal cases

5

that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001) (citation omitted).

Johnson raised this claim on direct review to the Illinois Appellate Court and in his petition for leave to appeal to the Illinois Supreme Court. But his argument did not fairly present a federal issue. Johnson cited no federal cases, and the state cases upon which he relied do not engage in federal constitutional analysis. Rather, these state cases only generally use the phrase "due process," failing to specify any particular federal constitutional violation. Moreover, aside from one mention of the term "fair trial"—which could *potentially* raise a constitutional issue—Johnson did not use any language associated with federal constitutional rights, let alone any language "so particular as to call to mind a specific constitutional right." *Id.* Nor did Johnson allege facts "well within the mainstream of constitutional adjudication." *Id.* In sum, it cannot be said that Johnson fairly presented a federal issue in Claim 1 to the state courts and, as a result, his claim is procedurally defaulted.

Johnson makes no attempt to excuse this default in his briefs. A petitioner can excuse a default if he can show (1) cause for the default and prejudice due to the alleged violation of his constitutional rights or (2) that failure to consider the claim will result in a fundamental miscarriage of justice. *House v. Bell*, 547 U.S. 518, 536 (2006). Johnson makes no such arguments, so there is no basis to excuse his procedural

default.

**B.     Claim 2**

Johnson argues, in his second claim, that he was denied effective assistance of counsel because his trial attorney failed to move to suppress the video recording of his conversation with Parson on the ground that the authorization of the video recording did not conform with state law requirements.  Here, respondent concedes that Johnson fairly presented his constitutional claim to the state courts for one complete round of review.  But respondent contends that Johnson is not entitled to habeas relief because the Illinois Appellate Court's decision rejecting the claim was "neither contrary to, nor an unreasonable application of Supreme Court precedent."  Answer at 18.  This Court agrees.

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984), provides the appropriate standard for ineffective assistance of counsel claims.  The Illinois Appellate Court correctly identified this standard and correctly stated that "[t]o support a claim of ineffective assistance of trial counsel, defendant must demonstrate that (1) counsel's representation was deficient, and (2) as a result, he suffered prejudice that deprived him of a fair trial." State Ct. R., Ex. 1 at 12 (citing *Strickland*, 466 U.S. at 687).  The Illinois Appellate Court also correctly explained that the second element of the *Strickland* test, prejudice, requires the defendant to show "a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different." *Id.*

Using this formulation, the Illinois Appellate Court concluded that Johnson did not suffer prejudice.  It determined that the motion to suppress that Johnson contended his

7

attorney should have filed would have been futile because the state followed all state law requirements when obtaining authorization for the video recording. The court found that, regardless of whether counsel was deficient in not filing the motion, Johnson did not meet the prejudice requirement under *Strickland* because the result of the trial would have been the same even if counsel had filed the motion.

The Illinois Appellate Court's decision was reasonable because Johnson's underlying argument lacked merit. Johnson contends that the authorization of the recording device used to record his conversation with Parson did not conform to the requirements of Section 108A-1 of the Illinois Code of Criminal Procedure. 725 ILCS 5/108A-1 (West 2000). He points to several problems with the application for authorization in his case: (1) the State's Attorney did not personally request the order himself; (2) the State's Attorney did not personally sign the application; (3) the application was dated a day after the court order was issued; (4) the name of the Assistant State's Attorney acting on behalf of the State's Attorney had been changed on the application; and (5) there was no evidence that the Assistant State's Attorney was empowered to act on behalf of the State's Attorney.

Johnson's arguments misinterpret the statute and the appropriate remedies for its violation. Section 108A-1 does not require the State's Attorney to personally sign the authorization, as Johnson contends. Rather, it merely requires that the application for authorization identify the State's Attorney who authorized it. *People v. Sylvester*, 86 Ill. App. 3d 186, 191, 407 N.E.2d 1002, 1007 (1980). Moreover, even if the authorization failed to conform with some statutory requirements, suppression would not be an appropriate remedy. Under Illinois law, suppression of evidence obtained through a

defective application is required "only where there is a failure to satisfy any of the statutory requirements which *directly and substantially* implement the legislative intent to limit the use of eavesdropping procedures." *People v. Silver*, 151 Ill. App. 3d 156, 159, 502 N.E.2d 1141, 1144 (1986) (emphasis added). Where the defect is merely a "technical violation" of the statute, Illinois courts do not suppress the evidence. *Id.*

The application authorizing the recording device used in Johnson's case met the requirements of Section 108A-1. Not only did it contain a statement from the State's Attorney stating that he reviewed and authorized the application, but also it contained the signature of an Assistant State's Attorney who signed "[b]y the authority and consent of the State's Attorney of Cook County, Richard A. Devine." State Ct. R., Ex. 1 at 14. Thus the application properly identified the State's Attorney who authorized it, as required by the statute. The fact that the application was dated the day after the order was issued or that the name of the Assistant State's Attorney had been changed on the application do not undermine this finding. The Illinois Appellate Court concluded that none of the claimed flaws Johnson identified amounted to an actual violation of Section 108A-1, and accordingly, a motion to suppress the video recording would have been futile. For the reasons above, the Court concludes that this decision was reasonable. Accordingly, the Illinois Appellate Court's determination that Johnson could not establish prejudice required for an ineffective assistance of counsel claim was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

**C.     Claim 3**

Johnson's third claim is that the trial judge inappropriately considered "an irrelevant, inherent in the offense, factor as an aggravating factor in sentencing." Pet.

9

(dkt. no. 28) at 14.  As with Claim 1, Johnson made this claim on direct review before the Illinois Appellate Court and in his petition for leave to appeal to the Illinois Supreme Court.  And again, as with Claim 1, he cited no federal or state cases engaging in constitutional analysis, used no terms that evoke a federal constitutional right, and did not allege facts in the mainstream of federal constitutional adjudication.  Indeed, Johnson's third claim is even more clearly defaulted than his first claim.  At the very least, Johnson's argument for Claim 1 uses the term "fair trial," which has some constitutional implication.  But his argument for Claim 3 does not use any terms with any constitutional import whatsoever.  And although the cases to which Johnson cites in support of his first claim mention the phrase "due process," none of the state court cases upon which he relies in his third claim use any such constitutional language.  As a result, the Court finds that Johnson procedurally defaulted Claim 3.  Because Johnson makes no attempt to excuse this default, the Court is barred from assessing this claim on the merits.

**D.    Claim 4**

In his fourth claim, Johnson argues that his 40-year sentence violates the Eighth Amendment's prohibition on mandatory LWOP sentences for juveniles.  Johnson asserted this argument in his petition for leave to file a successive post-conviction petition, but the Cook County Circuit Court denied leave to file.  The Illinois Appellate Court affirmed this decision, concluding that Johnson did not meet the requirements under 725 ILCS 5/122-1(f) for filing a successive post-conviction petition.

Under Illinois law, a petitioner can file only one petition for post-conviction relief without permission from the court.  725 ILCS 5/122-1(f) (West 2014).  Otherwise, to file

a successive post-conviction petition, a petitioner must "demonstrate[] cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure." *Id.* The Illinois Appellate Court in Johnson's case agreed that he had cause, but it determined that he could not "show the requisite prejudice" because his "claim [was] not meritorious." State Ct. R., Ex. 16 at 6. Specifically, it found that the trial court sufficiently addressed Johnson's youth and attendant characteristics when determining his sentence such that his sentencing hearing was not "constitutionally defective." *Id.*

Respondent argues that the Illinois Appellate Court's denial based on 725 ILCS 5/122-1(f) is an adequate and independent state procedural ground that forecloses federal habeas review. An adequate and independent state ground is one that is a "firmly established and regularly followed state practice" and on which the state appellate court "actually relied." *Kaczmarek*, 627 F.3d at 592. Although the Seventh Circuit has yet to address this issue, several courts in this district have concluded that 725 ILCS 5/122-1(f) constitutes an adequate and independent state ground that bars federal review. *See, e.g.*, *Boyd v. Watson*, No. 12 C 2965, 2019 WL 527524 (N.D. Ill. Feb. 11, 2019); *United States ex rel. Watson v. Pfister*, No. 13 C 2276, 2015 WL 1186795 (N.D. Ill. Mar. 11, 2015); *Robertson v. Pierce*, No. 12 C 3108, 2016 WL 2593344 (N.D. Ill. May 5, 2016); *United States ex rel. Thomas v. Pfister*, No. 07 C 6443, 2014 WL 2777262 (N.D. Ill. June 17, 2014); *United States ex rel. Rios v. Hardy*, No. 09 C 3846, 2013 WL 1103480 (N.D. Ill. Mar. 15, 2013).

The Court need not address that point, because Johnson's claim cannot prevail on the merits. In its decision in *Miller*, the Supreme Court held that the Eighth

Amendment prohibited the imposition of mandatory LWOP sentences on juvenile offenders. The Seventh Circuit has interpreted *Miller* to apply to not only express life sentences but also *de facto* life sentences, or fixed prison terms that exceed a defendant's life expectancy. *McKinley v. Butler*, 809 F.3d 908, 911 (7th Cir. 2016). Even so, *Miller* and its progeny do not support Johnson's argument. Quite plainly, Johnson's 40-year prison sentence cannot violate *Miller*'s prohibition against mandatory LWOP sentences for juveniles because it is not long enough to be a LWOP sentence— *de facto* or otherwise. Johnson was twenty-one when the sentence was imposed and will thus be sixty-one when he completes the sentence, which is below the average life expectancy for a Black man. *See* Fred Dews, *Charts of the Week: Black Men's Life Expectancy; Student Debt and Black Households; Struggling Families*, Brookings (Feb. 26, 2021), https://www.brookings.edu/blog/brookings-now/2021/02/26/charts-of-the-week-black-mens-life-expectancy-student-debt-and-black-households-struggling-families/ (stating that the life expectancy of a Black man at birth is 72.2 years). This undermines his contention that a 40-year prison sentence constituted a *de facto* LWOP sentence. That aside, the Seventh Circuit has also indicated that 40 years does not constitute a life sentence for purposes of *Miller*. *See, e.g.*, *McKinley*, 809 F.3d at 910 (distinguishing a 45-year sentence from a life sentence); *Kelly v. Brown*, 851 F.3d 686, 687 (7th Cir. 2017) (same). Because Johnson's sentence is not a life sentence, *Miller* is inapplicable. Thus the Illinois Appellate Court's rejection of Johnson's claim was not contrary to, or an unreasonable application of, *Miller*.

**E.     Claim 5**

Johnson's fifth claim is that the mandatory sentencing statute under which he

was tried as an adult violates the federal and state constitutions. Although Johnson included this argument in his motion for leave to file a successive post-conviction petition to the Cook County Circuit Court, he did not raise the argument in his appeal to the Illinois Appellate Court or in his petition for leave to appeal to the Illinois Supreme Court. As a result, the Court finds that this claim is procedurally defaulted. Again, Johnson does not attempt to excuse the default, meaning that this Court is barred from considering the merits of his claim.

**F.     Certificate of appealability**

Under 28 U.S.C. § 2253(c)(1), a petitioner seeking a writ of habeas corpus may appeal from the court's judgment only if he obtains a certificate of appealability. A district court may issue such a certificate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the district court declines to issue a certificate of appealability, the petitioner can request a circuit judge to issue one instead. Fed. R. App. P. 22(b)(1). This Court cannot conclude that reasonable jurists would find its assessment of Johnson's claims debatable. Thus a certificate of appealability is denied.

## Conclusion

The Clerk is directed to substitute Christine Brannon as the respondent in this case. For the reasons stated above, the Court denies Johnson's petition for habeas corpus and declines to issue a certificate of appealability. The Clerk is directed to enter

judgment dismissing the petition for habeas corpus.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: September 13, 2021